

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 28, 1964

Honorable Jack Fields
County Attorney
Calhoun County
Port Lavaca, Texas

Dear Mr. Fields:

Opinion No. C-319

Re: Construction of Article
4477-2, V.C.S., relating
to the levying of a tax
for mosquito control.

Your request for an opinion poses the following questions:

1. "In checking the petition /for the calling of an election pursuant to Article 4477-27 to determine the qualification of the individual petitioners, shall those who are not qualified as property tax paying voters be stricken from the list? "

2. ". . . is it mandatory on the Commissioners Court or the County Judge, if there are 200 qualified petitioners, that an election be submitted to the voters, even if no funds are subject to allocation under the 80¢ tax rate, without an increase of real property valuations?"

3. " . . . if the election is submitted and is passed by a majority vote, is it mandatory that the Court appoint a five-man commission, a mosquito control engineer and special employes necessary for mosquito eradication, or may it designate the county health officer and the employes of the State Health Department or of the County Agricultural Department?"

4. " . . . is the opinion of 1950, No. 1116, by the department as rendered prior to the 1961 amendatory act, still an approved ruling as to whether the 25¢ per One Hundred Dollar valuation is to be a reallocation of the 80¢ maximum tax rate under the Constitution, or can an additional tax above the 80¢ maximum be levied to supply the necessary funds for mosquito extermination?"

5.   ". . . in view of the fact that the marshes of our adjacent counties (Aransas, Refugio, Victoria, Jackson and Matagorda), which now have no mosquito control districts with which a Calhoun County District could merge, although a study of the mosquito infestation indicates that no effective or successful control can be achieved by a single county acting alone because the varying winds of each county transport mosquitoes from one to the other.  On such a finding of fact, can the Court in submitting the election provide a condition that no tax will be levied unless like districts are created in the adjoining counties and like taxes levied therein, since our county can not expend funds to control the breeding grounds in adjacent counties?"

6.   " . . . if increased valuations are required to make available the funds out-of the 80¢ constitutional levy, can a blanket percentage increase be applied to all tax renditions or must each rendition in the county be separately considered with due notice of an increase to each person on the tax roll?"

7.   " . . . is there a possibility that, if a rate increase is required to finance this district, can a county which does not levy the full 30¢ flood control tax, increase that levy for the purpose of mosquito control because it is flood water that produces mosquitoes?"

Sections 1, 2 and 3 of Article 4477-2, Vernon's Civil Statutes, provide:

"Section 1.  In all counties of this State, the Commissioners Court may call an election within sixty (60) days after the effective date of this Act, and at subsequent elections when called by the County Judge upon his being petitioned by two hundred (200) qualified voters to call such election to determine if the qualified voters of such county desire the establishment of a Mosquito Control District to embrace all or a portion of the territory within said county, for the purpose of eradicating mosquitoes in said area.  The form of the ballot shall be as follows:

"FOR the establishment of a Mosquito Control District in _____ County.

"AGAINST the establishment of a Mosquito Control District in _____ County.

"Sec. 2. The Commissioners Court in each County governed by the provisions of this Act may call an election within sixty (60) days after the effective date of this Act and at subsequent elections when called by the County Judge upon his being petitioned by two hundred (200) qualified voters to call such election to determine if the qualified real property taxpaying voters of said county or portion of said county desire a levy of a tax not to exceed twenty-five cents (25¢) on each one hundred dollar tax valuation to finance the program provided in this Act. The form of the ballot shall be as follows:

"FOR the levy of a tax of _____ cents on each one hundred dollar tax valuation to finance the Mosquito Control District within _____ County.

"AGAINST the levy of a tax of _____ cents on each one hundred dollar tax valuation to finance the Mosquito Control District within _____ County.

"Sec. 3. The elections provided in Section 1 and Section 2 shall be combined in one election; provided, however, that only qualified property taxpaying voters shall be authorized to vote to create such district and on the question of a tax levy as provided in Section 2."

It is noted that the petition provided for in Sections 1 and 2 may be signed by any qualified voter of the County as distinguished from the qualification contained in Section 3 which limits those eligible to vote at such an election to qualified property taxpaying voters. In answer to your first question, you are advised that the phrase "200 qualified voters" contained in Sections 1 and 2 is not limited to property taxpaying voters, but includes all qualified voters of the county. Therefore, those qualified voters who are not property taxpaying voters may not be stricken from the petition.

In view of the provisions of Sections 1 and 2 of Article 4477-2, it is mandatory that the County Judge call the election

provided for therein if he is petitioned by 200 qualified voters of the county whether funds are subject to allocation under the 80¢ constitutional limit or not for the reason that such an election is a prerequisite to the authority of the Commissioners Court to create such Mosquito Control District or to levy the tax provided therein. In this connection, it is noted that Section 9 of Article VIII of the Constitution of Texas provides in part:

> " . . . Once the Court has levied the annual tax rate, the same shall remain in force and effect during that taxable year; . . ."

While the above-quoted constitutional provision specifically requires that the annual tax rate levied by the Commissioners Court shall remain in force and effect during that taxable year, it does not preclude the Commissioners Court from making a different allocation of the 80¢ constitutional limit for a subsequent tax year. Thus, if taxes of subsequent years are to be levied for mosquito control and the necessary allocation of constitutional funds be made, prior authorization by the property taxpaying voters of the county to levy such a tax is a prerequisite.

Sections 5 and 6 of Article 4477-2 provide:

> "Sec. 5. There shall be appointed by the Commissioners Court in each county in which a Mosquito Control District is created, an Advisory Commission composed of five (5) members who shall be qualified property taxpaying voters of the county. Each Commissioner of the Commissioners Court and the County Judge shall appoint one (1) member of the Advisory Commission. Members of the Commission shall serve without compensation. The Advisory Committee shall make recommendations to the Commissioners Court as it deems are necessary to carry out the provisions of this Act and shall perform such other duties as the Commissioners Court may determine. Each member of the Commission shall take an oath of office prescribed by the Commissioners Court. The Commissioners Court shall have the power to remove any member of the Advisory Commission at any time it deems necessary." (Emphasis added).

> "Sec. 6. The Commissioners Court in each county which has established a Mosquito Control District is hereby authorized to appoint a Mosquito Control Engineer who shall be well qualified

in the field of mosquito control and who
shall serve at a salary to be determined by
the Commissioners Court in such county. The
powers and duties of the Mosquito Control
Engineer shall be under the supervision of
the Commissioners Court. The Engineer shall
make recommendations to the Commissioners
Court as to the number of assistants and em-
ployees as may be needed, and the Commis-
sioners Court shall appoint such assistants
and employees as it deems necessary for
mosquito eradication in said District. The
Engineer shall also make biannual reports to
the Commissioners Court or as many reports
as requested by the Court relative to the
work of mosquito eradication, and of the ex-
penses needed for the ensuing year. The first
report shall be made not later than June 30th
subsequent to the establishment of the Mosquito
Control District, and the second report shall
be made not later than December 31st following
the first report." (Emphasis added).

A study of the provisions of Section 5 reveals that the
Commissioners Court is required to appoint an Advisory Commis-
sion under the mandatory language of Section 5. Section 6,
however, merely authorizes the Commissioners Court to appoint
a mosquito control engineer and leaves to the discretion of
the Commissioners Court the determination of the number of em-
ployees to be appointed that the Commissioners Court deems neces-
sary for mosquito eradication. In view of the foregoing, you
are advised in answer to your third question that if a mosquito
control district is created, pursuant to the provisions of Arti-
cle 4477-2, Vernon's Civil Statutes, the provisions of Section 5
of Article 4477-2 are mandatory and the Commissioners Court is
required to appoint an Advisory Commission as provided for there-
in. The provisions of Section 6 of Article 4477-2, Vernon's
Civil Statutes, are not mandatory and the Commissioners Court is
not required to appoint a mosquito control engineer or employ
other assistants and employees for mosquito eradication. On the
contrary, such matters are left to the discretion of the Commis-
sioners Court. There is no provision, however, authorizing the
Commissioners Court to designate some other officer to carry
out the powers and duties of a mosquito control engineer.

In Attorney General's Opinion V-1116 (1950), this office
held:

"In view of the foregoing authorities, you are advised in answer to your second question that the tax levy authorized by Sections 2 and 4 of Article 4477-2 is not in addition to the constitutional limitation fixed by Section 9, Article VIII of the Constitution.

"In answer to your third question, it is our opinion that the cost of operating a Mosquito Control District created for public health purposes of the county must be paid out of the general fund. Att'y. Gen. Op. V-567 (1948)."

In Attorney General's Opinion C-316 (1964), it was held:

"The changes to Article 4477-2, Vernon's Civil Statutes, provided in the 1961 amendment, made the provisions of the Act applicable to all counties of the State rather than to the counties of the State which border on the Gulf of Mexico, and raised the authorized levy from not to exceed five cents on each $100.00 valuation, to an authorization of a levy not to exceed twenty-five cents on each $100.00 valuation. Therefore, the 1961 amendmend did not affect the conclusions reached in Attorney General's Opinion V-1116.

"In view of the foregoing, we agree with your conclusion that Harris County is authorized to expend county funds for mosquito control; however, the levy of taxes for such purpose must be a part of the 80¢ constitutional limit prescribed in Section 9 of Article VIII of the Constitution of Texas. In order to create a mosquito control district with the power to levy taxes over and above the constitutional limit prescribed in Section 9 of Article VIII of the Constitution of Texas, a constitutional amendment would be necessary."

In answer to your fourth question, the conclusions reached in Attorney General's Opinion V-1116 (1950) are equally applicable to the 1961 amendatory act. Attorney General's Opinion C-316 (1964).

In answer to your fifth question, Article 4477-2 prescribes

the form of the ballot and the Commissioners Court is not au-
thorized to change the wording that is to appear on the ballot.
It is to be noted, however, that this election is for the pur-
pose of granting authorization to the Commissioners Court and
does not in and of itself levy a tax for such a purpose, but
merely grants the Commissioners Court the authority to levy such
tax.

In answer to a similar question as that posed in your
sixth question, it was held in Attorney General's Opinion O-4885:

"The Commissioners' Court as such, has no
authority, as you correctly state, to instruct
the Tax Assessor to assess all property 5% high-
er than rendered by a blanket increase of 5%,
or at any other valuation. Indeed, there is no
constitutional or statutory authority authoriz-
ing the Commissioners' Court to give any instruc-
tions to the Tax Assessor by blanket order or
otherwise to raise or lower valuations.

"If the rendition fixed by the taxpayer, or
by the Assessor, where, under the conditions pre-
scribed by statute, the Assessor is authorized
to fix the value and make the assessment, it is
proposed by the Board of Equalization to raise the
value of such rendition and assessment, it can
only be done after due notice to the taxpayer or
property owner as provided in Section 5 of Arti-
cle 7206 noted above."

Likewise, it was held in Attorney General's Opinion V-194
(1947):

"The Commissioners' Court (Board of Equali-
zation) has the power to raise property valu-
ation for taxation without its jurisdiction being
first invoked by the Tax Assessor. It may act
upon its own initiative. If the valuation is in-
creased, however, notice must be given to the tax-
payer."

In view of the foregoing, you are advised in answer to
your sixth question that a blanket percentage increase to be
applied to all tax renditions is not authorized; however, the
Commissioners Court has the power to raise property valuation
for taxation on its own initiative. If valuation is increased,
however, notice must be given to the taxpayer.

In answer to your seventh question, you are advised that the cost of operating a mosquito control district created for public health purposes of the county must be paid out of the general fund. Attorney General's Opinions V-567 (1948), V-1116 (1950).

## SUMMARY

If petitioned by 200 qualified voters of the county pursuant to Sections 1 and 2 of Article 4477-2, Vernon's Civil Statutes, the county judge is required to call an election for the purpose of creating a mosquito control district and authorizing the levying of a tax for mosquito control. Any tax levied for mosquito control must be within the 80¢ constitutional limit provided for in Section 9 of Article VIII of the Constitution of Texas.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
Assistant

JT:bk:dl:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Pat Bailey
Ivan Williams
Brady Coleman
Bob Richards

APPROVED FOR THE ATTORNEY GENERAL
By: Roger Tyler